FILED

Filing # 68614398 E-Filed 02/28/2018 04:34:05 PM

2018 APR 11  AM 11: 25

IN THE CIRCUIT COURT OF THE 12ᵗʰ JUDICIAL CIRCUIT IN
AND FOR SARASOTA COUNTY, FLORIDA

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

CIRCUIT CIVIL DIVISION

Case No. _____

EDWARD DAVIS,

      Plaintiff,

2:18-CV-237-FtM-99MRM

vs.

BMO HARRIS BANK, N.A.,

      Defendant.

_____/

## COMPLAINT;
## INJUNCTIVE RELIEF REQUESTED

Plaintiff Edward Davis ("Plaintiff"), by his undersigned attorneys, sues Defendant BMO

Harris Bank, N.A. ("Defendant") and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff is a resident of California who is permanently blind and uses a screen

reader in order to access the internet and read website content, and thus qualifies as an individual

with disability as defined by the American With Disabilities Act ("ADA"), 42 U.S.C. § 12102(2),

28 C.F.R. 36.104. Despite several attempts to use and navigate Defendant's website,

www.bmoharris.com, in order to open accounts at Defendant, Plaintiff has been denied the full use

and enjoyment of the facilities, services, privileges, advantages, and accommodations of

bmoharris.com as a result of accessibility barriers on bmoharris.com. The access barriers on

bmoharris.com have caused a denial of Plaintiff's full and equal access multiple times. Similarly,

the access barriers on bmoharris.com have deterred Plaintiff from using Defendant's online

services, privileges, advantages, and accommodations and likewise visiting Defendant's banking locations.

2.      Plaintiff is informed and believes, and thereon alleges, that Defendant is a national banking association with its principal place of business located in Chicago, Illinois.  Plaintiff is informed and believes, and thereon alleges, that Defendant owns and operates banking locations in Florida, including in Sarasota County.  The banking locations constitute places of public accommodation.  Defendant's locations provide to the public important goods and/or services, privileges, advantages, and accommodations.  Defendant also provides to the public the bmoharris.com website.  Bmoharris.com provides access to Defendant's array of services, privileges, advantages, and accommodations, including, but not limited to, a locator for Defendant's locations so that a potential customer may determine from the website the location for him or her to visit, descriptions of its types of banking services and accounts, online banking and bill pay services, loan information and documents including ranges of interest rates offered, location service hours, information about opening an account online that may be accessed in Defendant's branch locations, other pages that enable users to determine Defendant's products and services, privileges, advantages, and accommodations, and many other benefits related to Defendant's facilities and services, privileges, advantages, and accommodations.  Defendant's locations are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7) and are likewise "business establishments" within the meaning of the California Unruh Civil Rights Act, California Civil Code § 51 *et seq.* ("Unruh Civil Rights Act").  Based on the information, services, tools, and locators related to Defendant's locations provided on Defendant's website, bmoharris.com is a service, privilege, advantage, and accommodation of Defendant's

2

locations.  Additionally, based thereon, bmoharris.com is a service, privilege, advantage, and accommodation that is heavily integrated with these locations.

3.  At all times relevant to the Complaint, Defendant was acting through its agents, servants and/or employees.

4.  This Court has subject matter jurisdiction over this action as Plaintiff is seeking equitable relief, and Florida's circuit courts have jurisdiction over equitable matters, including those requesting injunctive relief, regardless of the amount in controversy.

5.  Venue is proper in this Court as Defendant operates branch banking locations in Sarasota County.

## FACTUAL BACKGROUND

### Applicability of the ADA and the Unruh Act to Commercial Websites

6.  The internet has become a significant source of information, a portal and tool for conducting business, and a means for doing everyday activities such as shopping, banking, etc. for both the sighted and blind, and/or visually-impaired persons.

7.  Blind individuals may access websites by using keyboards in conjunction with screen-reading software that vocalizes visual information on a computer screen.  Screen access software provides the only method by which a blind person may independently access the internet. Unless websites are designed to be read by screen reading software, blind persons are unable to fully access websites and the information, products and services, privileges, advantages, and accommodations contained thereon.

8.  The international website standards organization, W3C, has published version 2.0 of the Web Content Accessibility Guidelines ("WCAG 2.0").  WCAG 2.0 are well-established

3

guidelines for ensuring websites are accessible to blind and visually-impaired people. These guidelines are successfully followed by numerous large business entities to ensure their websites are accessible. These guidelines recommend several basic components for making websites accessible including, but not limited to: adding invisible alternative text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible; and adding headings so that blind people can easily navigate websites. Without these very basic components, a website will be inaccessible to a blind or visually-impaired person using a screen reader.

9.      Within this context, numerous federal courts have recognized the viability of ADA claims against commercial website owners/operators with regard to the accessibility of such websites.

10.      Additionally, each of Defendant's violations of the Americans with Disabilities Act is likewise a violation of the Unruh Civil Rights Act. Indeed, the Unruh Civil Rights Act provides that any violation of the ADA constitutes a violation of the Unruh Civil Rights Act. (Cal. Civ. Code, § 51(f), *see Castillo v. Jo-Ann Stores, LLC*, 2018 WL 838771, at *6 (N.D. Ohio Feb. 13, 2018).)

**The Inaccessibility of Defendant's Website to the Visually-Impaired**

11.      Defendant offers the commercial website, bmoharris.com, which provides, as set forth above, a breadth of information concerning the locations it operates, information and descriptions of its amenities and services, privileges, advantages, and accommodations, and allows users to find the location for them to visit. *Robles v. Yum! Brands, Inc.*, Case No 2:16-cv-08211-ODW(SS), 2018 WL 566781, at *8 (C.D. Cal. Jan. 24, 2018) (denying defendant's motion for

4

summary judgment), *Rios v. New York & Co., Inc.*, No. 2:17-cv-04676-ODW(AGRx), 2017 WL 5564530, at *7 (C.D. Cal. Nov. 16, 2017) (denying defendant's motion for judgment on the pleadings); *Access Now, Inc. v. Blue Apron, LLC*, No. 17-cv-116-JL, 2017 WL 5186354, at *11 (D.N.H. Nov. 8, 2017) (Laplante, C.J.) (denying motion to dismiss); *Andrews v. Blick Art Materials, LLC*, 268 F. Supp. 3d 381, 404 (E.D.N.Y. 2017) (Weinstein, J.) (denying motion to dismiss); *Gil v. Winn-Dixie Stores, Inc.*, 257 F. Supp. 3d 1340, 1349 (S.D. Fla. 2017) (finding that the defendant, a large supermarket chain, had violated the plaintiff's rights under the ADA by failing to maintain an accessible website after a non-jury trial).

12. Based on information and belief, it is Defendant's policy and practice to deny blind users, including Plaintiff, equal enjoyment of and access to bmoharris.com. Due to Defendant's failure and refusal to remove access barriers on bmoharris.com, Plaintiff and other blind and visually impaired individuals have been denied equal enjoyment of and access to Defendant's locations and to the other services, advantages, privileges, and accommodations offered to the public through bmoharris.com.

13. Defendant denies blind individuals equal enjoyment of and access to the services, privileges, advantages, and accommodations and information made available through bmoharris.com by preventing them from freely navigating bmoharris.com. Bmoharris.com contains access barriers that prevent the full and equal enjoyment and use by Plaintiff and other blind persons using screen reading software.

14. Bmoharris.com's barriers are pervasive and include, but are not limited to, the following:

(1) Empty links that contain no text causing the function or purpose of the link to not be

5

presented to the user. This can introduce confusion for keyboard and screen reader users;

(2) Empty headings, which means that a heading has no content. This is a problem because some users, especially keyboard and screen reader users, often navigate by heading elements. An empty heading will present no information and may introduce confusion;

(3) Empty buttons, which means that is empty or has no value text. This is a problem because when navigating to a button, descriptive text must be presented to screen reader users to indicate the function of the button; and

(4) Redundant Links where adjacent links go to the same URL address which results in additional navigation and repetition for keyboard and screen reader users.

15. Due to the inaccessibility of bmoharris.com, blind and otherwise visually impaired customers who use screen readers have been hindered from effectively browsing for Defendant's locations, amenities and services, privileges, advantages, and accommodations that exist online unlike sighted users. If bmoharris.com were accessible, Plaintiff would independently and privately investigate Defendant's services, privileges, advantages, and accommodations and amenities, and find the locations to visit via Defendant's website as sighted individuals can and do.

16. Despite several attempts to use bmoharris.com in recent months, the numerous access barriers contained on Defendant's website have denied Plaintiff's full and equal access, and deterred Plaintiff on a regular basis from accessing Defendant's website. Similarly, based on the numerous access barriers contained on bmoharris.com, Plaintiff has been deterred from visiting Defendant's physical locations that Plaintiff would have located and visited by using bmoharris.com.

6

**COUNT I. VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**
**(42 U.S.C. § 12181 *et seq.*)**

17.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 16, inclusive, as though fully set forth herein.

18.     Section 302(a) of Title III of the ADA, 42 U.S.C. § 12181 *et seq.*, provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

19.     Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations"; and "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden". 42 U.S.C. § 12182(b)(2)(A)(ii)-(iii). "A public accommodation shall take those steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise

7

treated differently than other individuals because of the absence of auxiliary aids and services, unless the public accommodation can demonstrate that taking those steps would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations being offered or would result in an undue burden, i.e., significant difficulty or expense." 28 C.F.R. § 36.303(a). In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability." 28 C.F.R. § 36.303(c)(1)(ii). "The term 'auxiliary aids and services' **includes [] screen reader software.**" 28 C.F.R. § 36.303(b)(2) (emphasis added).

20.    Defendant's locations are "public accommodations" within the meaning of 42 U.S.C. § 12181 *et seq.* Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in Florida through its locations and related services, privileges, advantages, and accommodations and bmoharris.com. Bmoharris.com is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to patrons, members, and potential members who are visually-impaired like Plaintiff. This inaccessibility denies visually-impaired patrons full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the non-disabled public through its website. Defendant violates the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, in that Defendant denies visually-impaired customers the services, privileges, advantages, and accommodations provided by bmoharris.com and connected to its places of public accommodation. These violations are ongoing.

21.    Defendant's actions constitute discrimination against Plaintiff on the basis of a disability in violation of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* in that:

8

Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

## COUNT II. VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT
### (California Civil Code § 51 *et seq.*)

22.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 21, inclusive, as though fully set forth herein.

23.     California Civil Code § 51 et seq. guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever.  Defendant is systematically violating the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*

24.     Defendant's physical locations in Florida are "business establishments" within the meaning of the California Civil Code § 51 et seq. and are made available to all of Defendant's customers, including those who reside in other states and jurisdictions, including California. Defendant generates millions of dollars in revenue from the sale of its amenities and services, privileges, advantages, and accommodations in Florida through its locations and related services, privileges, advantages, and accommodations and bmoharris.com.  Bmoharris.com is a service, privilege, advantage, and accommodation provided by Defendant that is inaccessible to patrons, members, and potential members who are visually-impaired like Plaintiff.  This inaccessibility denies visually-impaired patrons full and equal enjoyment of and access to the facilities and services, privileges, advantages, and accommodations that Defendant made available to the non-disabled public through its website.  Defendant is violating the Unruh Civil Rights Act, California

9

Civil Code § 51 et seq., in that Defendant denies visually-impaired customers the services, privileges, advantages, and accommodations provided by bmoharris.com and connected to its places of public accommodation. These violations are ongoing.

25.    Defendant's actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, Cal. Civil Code § 51 et seq. in that: Defendant has constructed a website that is inaccessible to Plaintiff; maintains the website in this inaccessible form; and has failed to take adequate actions to correct these barriers even after being notified of the discrimination that such barriers cause.

26.    Defendant is also violating the Unruh Civil Rights Act, California Civil Code § 51 et seq. in that the conduct alleged herein likewise constitutes a violation of various provisions of the ADA, 42 U.S.C. § 12101 et seq. Section 51(f) of the California Civil Code provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

27.    The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq., and, therefore, Plaintiff is entitled to injunctive relief remedying the discrimination.

28.    Plaintiff is also entitled to a preliminary and permanent injunction enjoining Defendants from violating the Unruh Civil Rights Act, California Civil Code § 51 et seq., and requiring Defendant to take the steps necessary to make bmoharris.com readily accessible to and usable by visually-impaired individuals.

29.    Plaintiff is also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense. Plaintiff is also entitled to reasonable attorneys' fees and

costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant BMO Harris Bank, N.A. as follows:

1.     For a judgment that Defendant violated Plaintiff's rights under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*;

2.     For preliminary and permanent injunctive relief pursuant to 42 U.S.C. § 12188(a)(1) and (2), and California Civil Code § 52.1, requiring Defendant to:

a.     ensure that its website, bmoharris.com, is easily accessible by individuals who are visually-impaired and who use computers, including laptops, tablets, and smartphones;

b.     ensure that individuals who are visually-impaired have an equal opportunity to participate in and benefit from the goods, services, facilities, privileges, advantages, and accommodations provided through its website;

c.     adopt and implement website accessibility policies which ensure that its website is fully and equally accessible to the visually-impaired;

d.     require any third party vendors who participate on its website ensure that it is fully and equally accessible to the visually-impaired;

e.     make publicly available, and provide a direct link on the homepage of its website, to a statement of Accessibility Policy to ensure that the visually-impaired have full and equal enjoyment of its website;

11

f.      provide quarterly mandatory website accessibility training to all employees who write or develop programs or code for, or who publish final content to, its website, as to how to conform all web content and services with criteria to ensure that the visually-impaired have full and equal enjoyment of its website; and

g.      conduct quarterly automated accessibility test of its website to identify any instances where the website is no longer in conformance with criteria that ensures that the visually-impaired have full and equal enjoyment of its website;

3.      An award of statutory minimum damages of $4,000 per violation pursuant to section 52(a) of the California Civil Code;

4.      For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, California Civil Code § 52(a);

5.      For costs of suit; and

6.      A judgment for all such other relief as this Court deems just and proper.

Dated:   February 28, 2018

Respectfully submitted,

By: _/s/ Benjamin H. Brodsky_
Benjamin H. Brodsky, Esq.
Florida Bar No. 73748
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for Plaintiff*
169 E. Flagler Street, Suite 1224
Miami, Florida 33131
Tel: 305-503-5054
Fax: 305-677-5089
bbrodsky@bfwlegal.com
docketing@bfwlegal.com

12